**Laura WERNER, Plaintiff–Appellant,**

v.

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON; et al., Defendants–Appellees.**

No. 08–55127.

United States Court of Appeals, Ninth Circuit.

Submitted April 15, 2009.*

Filed June 23, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Peter S. Sessions, Esquire, Lisa S. Kantor, Esquire, Managing Senior Counsel, Kantor & Kantor LLP, Northridge, CA, for Plaintiff–Appellant.

Kathryn C. Curry, Esquire, Ropers, Majeski, Kohn & Bentley, Redwood City, CA, for Defendants–Appellees.

Before: FERNANDEZ, SILVERMAN and CALLAHAN, Circuit Judges.

MEMORANDUM **

This action arises out of a denial of Laura Werner's ("Werner") claim for short

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

term disability income benefits under her employer Liberty Mutual Insurance Company's ("LMIC") Short Term Disability Plan (the "Plan"). Werner appeals the district court's determination that her action was barred by her failure to exhaust her administrative remedies under the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. §§ 1001 *et seq.* We affirm.

The district court did not err in exercising its jurisdiction over this case, pursuant to 28 U.S.C. § 1331. The Plan states that it is an employee welfare benefit plan covered by ERISA. Werner's complaint alleged federal jurisdiction under ERISA, and Defendants agreed. 29 U.S.C. § 1132(e)(1) (if ERISA is applicable, "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter . . .").

The district court did not err in concluding that Werner's May 9, 2005 letter to Liberty Life Assurance Company of Boston ("Liberty Life"), which funded and administered the Plan, was not an appeal. Although Werner's May 9, 2005 letter states that it constituted "notice of the intent to appeal," it also specified it was not intended to start the 45 day time period Liberty Life would have to decide an appeal. *See* 29 C.F.R. 2560.503–1(i)(3)(i). The letter requested that Liberty Life "not take any action to consider the appeal." Liberty Life's confirmation in its July 12, 2005 letter that it would not treat Werner's May 9, 2005 letter as an appeal, indicates that both parties understood Werner's May 9, 2005 letter was not an appeal.

The district court did not err in holding that Werner failed to timely ex-

haust her administrative remedies under the Plan. Werner had 180 days from the denial of her claim on February 9, 2005 in which to file an administrative claim. *See* 29 C.F.R. § 2560.503–1(h)(3)(i); *Vaught v. Scottsdale Healthcare Corp. Health Plan,* 546 F.3d 620, 626 (9th Cir.2008) (an ERISA plaintiff claiming a denial of benefits must avail herself of a plan's own internal review procedures before bringing suit in federal court). After Liberty Life's July 12, 2005 letter confirmed that Werner's May 9, 2005 letter was not an appeal, Werner did not file an appeal until February 1, 2006, well beyond the deadline to file an administrative appeal. Moreover, Werner does not claim that she did not receive adequate notice, or that an appeal would have been futile. *See Amato v. Bernard,* 618 F.2d 559, 568 (9th Cir.1980). Accordingly, it was not an abuse of discretion for the district court not to grant Werner an exception to the application of the exhaustion principle. *See Diaz v. United Agric. Employee Welfare Benefit Plan & Trust,* 50 F.3d 1478, 1483 (9th Cir.1995).

■ The district court did not abuse its discretion in declining to reopen discovery after it had granted summary judgment. A request for continuance to conduct discovery should be made prior to the summary judgment hearing. *Ashton–Tate Corp. v. Ross,* 916 F.2d 516, 520 (9th Cir. 1990). However, Werner did not seek additional discovery until after the district court had granted summary judgment in favor of respondents.

■ Finally, the district court did not err in determining that Werner had failed to show that LMIC and Liberty Mutual Group Inc. ("LMGI") should be treated as a single "employer," thereby allowing the Plan to be considered a "payroll practice" exempt from ERISA regulation under 29 C.F.R. § 2510.3–1(b)(2). Werner's complaint invoked the district court's jurisdiction by alleging that the Plan was subject to ERISA. When Werner sought to change the basis of her claim and the court's jurisdiction, she had the burden of showing that LMIC and LMGI should be considered a single entity. Werner failed to proffer any evidence that would compel such a determination. Accordingly, as Werner never abandoned her ERISA claim, the district court properly ruled against Werner on that claim.

**AFFIRMED.**